UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Seth DeMarco McAlister, #2009668, | ) C/A No. 4:09-1528-HMH-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Willie Brown; Brenda Lambert; Lt. Debra Collins; Chief Dewayne Wilson; Sheriff Kevin Washington of the Williamsburg County Sheriff's Office, | ) |
| Defendants. | ) |

## **I. PROCEDURAL BACKGROUND**

The plaintiff, Seth DeMarco McAlister ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on June 12, 2009, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Williamsburg County Detention Center ("WCDC"). Defendants filed a motion for summary judgment on December 22, 2009, along with a memorandum and exhibits in support of said motion. (Document #26). Because plaintiff is proceeding pro se, he was advised on or about December 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to the motion for summary judgment on January 5, 2010. (Doc.# 30).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that defendants violated his constitutional rights at the WCDC. Plaintiff asserts that he suffered beatings by officers and deputies on duty at the WCDC and that the defendants' arrest of him for bench warrants was "unethical." (Complaint). Plaintiff requests that "these people be investigated and removed from law enforcement never to work in Law Enforcement again. And I ask the Court to protect me against any future attacks by these agencies. And pay me the physical and mental damages done me. . ." (complaint, p. 4).

Defendants filed a motion for summary judgment along with affidavits and a memorandum in support. Defendants assert among other things, that plaintiff has failed to exhaust his administrative remedies and, therefore, his complaint should be dismissed.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on

the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323. [2]

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations.

Defendants submitted the affidavit of Chief Curtis Brown, Chief of Security at the WCDC. Chief Brown attests that he has been employed with the WCDC for the last six and one-half years and is familiar with the plaintiff and the claims made by the plaintiff in this action concerning circumstances surrounding his arrest and booking into the WCDC in May 2009. (Brown's affidavit, doc. #26-2). Plaintiff was originally arrested and booked into the WCDC on May 8, 2009, on two

---

[2] It appears from the pleadings that plaintiff was a pretrial detainee while at JRLDC. Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. <u>Cooper v. Dyke</u>, 814 F.2d 941 (4th Cir. 1987).

outstanding Bench Warrants, K-085275 and K-085269. (Id.). While incarcerated, plaintiff was arrested again on charges of Murder and Receiving Stolen Goods. (Id.). The WCDC has a grievance system but, after conducting a thorough review of the records, there is no record that plaintiff filed a grievance with respect to the arrest on May 8, 2009. (Id.). Brown attests that he has been able to locate several Grievances filed by Plaintiff after May 9, 2009, but none that deal with or involve the plaintiff's arrest of May 8, 2009, or any allegations of any beatings suffered by Plaintiff at anytime, including during April 2009 as alleged by Plaintiff.

Plaintiff filed a one page response to the motion for summary judgment but did not respond to the argument that he failed to exhaust administrative remedies. (Doc. #30). A review of the complaint form reveals plaintiff stated that there is a grievance procedure at the WCDC and that he filed a grievance on May 9, 2009, but responds "None" to the question of when was the final agency determination received.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[3] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process at WCDC. The United

---

[3] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

4

States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. #26) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #26) be GRANTED and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

5